IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| GERALD A. DAVIDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-058 |
| | ) | |
| FNU MEDLIN, Warden, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, is proceeding *pro se* and requested permission to proceed *in forma pauperis* ("IFP") in the above-captioned case brought pursuant to 42 U.S.C. § 1983. On June 30, 2014, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See doc. no. 3.) When the time to respond passed, and Plaintiff had submitted a Prisoner Trust Fund Account Statement but not a Consent to Collection of Fees form as required by the June 30th Order, the Court recommended dismissal of the case without prejudice in a Report and Recommendation ("R&R") dated August 15, 2014. (Doc. no. 8.)

However, after entering the R&R, the Court received Plaintiff's Consent to Collection of Fees form with an explanation by Plaintiff that he sent both forms at the same time, but the Consent to Collection of Fees form may have been lost in the mail. (Doc. no.

10.)  Accordingly, and in an abundance of caution, the Court hereby **VACATES** the August 15th R&R.  (Doc. no. 8.)

As noted above, Plaintiff has now furnished a certified copy of his trust fund account statement and has consented to the collection in installments of the $350.00 filing fee and any Court costs from his prison trust account.  Based on the information furnished by Plaintiff, the Court has determined that he has insufficient funds to pay any initial filing fee.

**IT IS ORDERED** that Plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits to Plaintiff's trust account and forward those funds to the Clerk each time the set aside amount exceeds $10.00 until the $350.00 filing fee has been paid in full.

**IT IS FURTHER ORDERED** that all payments shall be designated as made in payment of the filing fee for Civil Action No. 314-058.  In the event Plaintiff is transferred to another institution, Plaintiff's present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to Plaintiff's new custodian.  The balance due from Plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

The Clerk of Court is **DIRECTED** to serve this Order on Plaintiff and Plaintiff's custodian (warden).

The Court will also take this opportunity to address Plaintiff's improper attempts to amend his complaint in a piecemeal fashion through series of attachments and filings with the Court.  (See doc. nos. 4, 6, 7.)  Plaintiff has fallen well short of the pleading requirements of the Federal Rules of Civil Procedure, which require a "short and plain statement" of the claims entitling a plaintiff to relief.  Fed. R. Civ. P. 8(a).  Additionally, a plaintiff may not

amend his complaint in a piecemeal manner by simply amending sections of his complaint or submitting separate filings. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009).

Taken together, Plaintiff's filings amount to the quintessential shotgun pleading that has been soundly condemned by the Eleventh Circuit Court of Appeals. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001), *abrogated on other grounds by*, Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011), ("[S]hotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."); Magluta v. Samples, 256 F.3d 1282, 1284-85 (11th Cir. 2001) *(per curiam)* (refusing to address and decide serious constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [the Eleventh Circuit] ha[s] condemned repeatedly. . . . It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure").

Accordingly, Plaintiff shall have thirty days from the date of this Order to amend his § 1983 complaint.[1] If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint in accordance with the terms of this Order. Plaintiff must use the standard form provided along with this Order, with no more than six handwritten pages attached. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court that she was to re-draft her complaint to make it more concise); see also

---

[1] The **CLERK** is **DIRECTED** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10, (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred. While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.[2] Thus, Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as Defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

---

[2]For example, Plaintiff should not simply state, "See attached documents."

Plaintiff is further cautioned that no portion of any prior filing shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all related claims that he wishes the Court to consider as a basis for awarding the relief sought.

If no response is timely received from Plaintiff, the Court will presume that Plaintiff desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice.

SO ORDERED this 9th day of September, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA