IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| GERALD A. DAVIDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-058 |
| | ) | |
| J.D. MEDLIN, Warden, Wheeler CCA Prison, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

### I. SCREENING OF THE AMENDED COMPLAINT

#### A. BACKGROUND

Plaintiff names the following Defendants in his amended complaint: (1) J.D. Medlin, Warden, Wheeler CCA Prison; (2) Mr. Quinn, Deputy Warden of Care and Treatment, Wheeler CCA Prison; (3) Pat Clark, HSA, Wheeler CCA Prison; (4) Nurse Pope, Wheeler CCA Prison Medical Department; (5) Nurse Hutto, Wheeler CCA Prison Medical Department; and (6) Lt. Armour, Correctional Officer, Wheeler CCA Prison. (Doc. no. 13, pp. 1, 4.) Taking all of Plaintiff's

factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff has four complaints. First, Defendant Medlin is deliberately indifferent to Plaintiff's serious medical needs because he permits smoking in the dorms. (Id. at 5.) Second, Defendant Quinn is deliberately indifferent to Plaintiff's serious medical needs because he failed to "control medical." (Id.) Third, Nurse Pope, Nurse Hutto, and Defendant Clark are deliberately indifferent because they do not give Plaintiff an extra meal on holidays and weekends after his noon insulin shot to prevent low blood sugar. (Id.) As a result, on one occasion Plaintiff had to be carried to the medical department because he had low blood sugar. (Id.) Defendant Clark is additionally liable as a supervisor of nurses for this practice. (Id.) Defendant Clark is deliberately indifferent to Plaintiff's serious medical needs because she (1) gives Plaintiff an insulin shot at 3:00 a.m., which prevents him from getting eight hours of sleep, (2) fails to supervise the nurses, who delay administering chronic care medication, and (3) failed to cure sores on Plaintiff's face that appeared after he arrived at WCF. (Id.) Lastly, Defendant Armour took Plaintiff's wallet when Plaintiff arrived at WCF and has not yet returned it. (Id.)

**B.     DISCUSSION**

    **1.     Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as

2

dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim for Exposure to Secondhand Smoke.

Plaintiff can state a cause of action under the Eighth Amendment for exposure to secondhand smoke "by alleging that prison officials have, with deliberate indifference, exposed him to levels of [secondhand smoke] that pose an unreasonable risk of serious damage to his future health." Cassady v. Donald, 447 F. App'x 28, 30 (11th Cir. 2011) (citing Kelley v. Hicks, 400 F.3d 1282, 1284 (11th Cir. 2005)). Plaintiff does not allege that he is being exposed to "unreasonably high levels" of second-hand smoke. Instead, he vaguely alleges that prison officials permit smoking in the dorms. Additionally, Plaintiff makes no mention of any actual harm or risk of harm. Nor is there any basis for finding that Defendant Medlin knew about and ignored any such risk to Plaintiff. Plaintiff's bare allegation falls far short of stating a second-hand smoke claim. See Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir.1992) (explaining that "mere exposure to [secondhand smoke], without more, does not constitute a deprivation of a prisoner's Eighth Amendment rights").

### 3. Plaintiff Fails to State a Claim Against Defendants Pope and Hutto Concerning His Unsatisfied Demands for Extra Meals.

Plaintiff fails to state a claim against Defendants Pope and Hutto with respect to their alleged failure to give him an extra meal on holidays and weekends after his noon insulin shot to prevent low blood sugar. To establish deliberate indifference to Plaintiff's existing serious medical need, Plaintiff must allege that: (1) he had a serious medical need –the objective component, (2) a defendant acted with deliberate indifference to that need − the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component, Plaintiff must allege that the defendant: (1) was subjectively aware of a serious risk of harm, and (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence." Id. at 1326-27.

Here, Plaintiff fails to satisfy either the objective or subjective element of a deliberate indifference claim. First, as to the objective component, Plaintiff has not identified a serious medical need. He has not alleged that a physician has diagnosed him with needing an extra meal, nor is an extra meal so obvious a need that even a lay person would easily recognize the necessity for it. Plaintiff does not allege that his failure to receive an extra meal has caused any injury. Plaintiff alleges that on a single occasion he was escorted to medical because his blood sugar was low, but he states he was treated and does not allege any deficiencies with respect to his treatment on that occasion. See Milton v. Turner, 445 F. App'x 159, 162 (11th Cir. 2011) (finding plaintiff failed to state a claim because alleged indifference related to low blood sugar from diabetes did not cause any injury). Second, Plaintiff also fails to satisfy the subjective component of the deliberate indifference standard. Plaintiff does not allege that Defendants Pope or Hutto were subjectively aware of his need for an extra meal or that there was a serious risk of harm if Plaintiff did not receive an extra meal.

### 4. Plaintiff's Claims Against Defendant Clark Concerning Extra Meals, Treatment of His Facial Sores, and Receiving Insulin Shots at 3:00 a.m. Do Not Constitute Deliberate Indifference.

Plaintiff alleges that Defendant Clark (1) failed to give him an extra meal on holidays and

weekends after his noon insulin shot to prevent low blood sugar, (2) failed to cure the sores on his face, and (3) gives Plaintiff an insulin shot at 3:00 a.m., which prevents him from getting eight hours of sleep. These allegations also fail to state a claim upon which relief can be granted.

First, Plaintiff fails to state a claim for deliberate indifference with respect to his extra meal claim for the same reasons discussed *supra*, § I.B.3, with respect to Defendants Pope and Hutto. Second, Plaintiff fails to state a claim for deliberate indifference concerning Defendant Clark's alleged failure to cure the sores on his face. As to the objective component, Plaintiff does not allege that a physician has diagnosed any treatment for the sores on his face, nor has he described the severity of the sores such that even a lay person would easily recognize the necessity of treatment. As to the subjective component, Plaintiff merely complains that the condition has not yet ceased despite Defendant Clark's efforts, not that Defendant Clark failed to treat the sores or acted in a manner that was deliberately indifferent.

Third, Plaintiff has failed to state a claim for deliberate indifference with respect to his claim concerning 3:00 a.m. insulin shots. Plaintiff cannot satisfy even the objective component because obtaining eight hours of sleep each night is not a serious medical need. See Dekle v. Haynes, No. CV211-185, 2011 WL 7461903, at *1 (S.D. Ga. Dec. 20, 2011) report and recommendation adopted, No. CV211-185, 2012 WL 727499 (S.D. Ga. Mar. 6, 2012) (finding plaintiff failed to establish a plausible claim for deliberate indifference for prison officials not allowing him to have eight hours of uninterrupted sleep). Nor can Plaintiff satisfy the subjective component. Indeed, Defendant Clark ensures that Plaintiff receives the insulin shot at 3:00 a.m. to control Plaintiff's diabetes out of concern for his blood sugar level. This is the very antithesis of deliberate indifference to Plaintiff's medical needs.

### 5. Defendant Clark Is Not Liable as a Supervisor with Respect to Plaintiff's Demands for Extra Meals and Chronic Care Medication.

Plaintiff also fails to state a claim upon which relief can be granted with respect to his allegations that Defendant Clark is liable as the supervisor of nurses who (1) failed to give him an extra meal on holidays and weekends after his noon insulin shot to prevent low blood sugar and (2) delayed administration of chronic care medication. Both supervisory liability claims fail because there are no underlying violations. See Hicks v. Moore, 422 F.3d 1246, 1253 (11th Cir. 2005) ("Because we conclude that Plaintiff's constitutional rights were not violated . . . , Plaintiff cannot maintain a 1983 action for supervisory liability . . . for failure to train"). First, as discussed in § I.B.3, *supra*, Plaintiff's extra meal claim fails to rise to the level of a constitutional violation.

Second, with respect to the chronic care medication claim, in addition to the objective and subjective components of a deliberate indifference claim, a court must also consider "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Goebert, 510 F .3d at 1327 (11th Cir. 2007). Here, Plaintiff does not allege that the purported delay in receiving chronic care medication caused any harm or worsened his medical condition. Indeed, he does not even identify what condition necessitated the medication or how long administration of the medication was delayed. Because there is no underlying violation, his supervisory liability claim against Defendant Clark with respect to the chronic care medication also fails. See Hicks, 422 F.3d 1253.

### 6. Plaintiff Fails to State a Claim By Vaguely Alleging that Defendant Quinn Failed to "Control Medical."

Plaintiff also fails to state a claim against Defendant Quinn, the deputy warden of care and treatment at WCF, because he is attempting to hold him liable merely because of his supervisory

position at WCF for his alleged failure to "control medical." "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold a supervisor liable, Plaintiff must demonstrate that either (1) he actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff merely alleges that Defendant Quinn is liable for his "failure to control" the medical department. (Doc. no. 13, p. 5.) Nowhere does Plaintiff allege that Defendant Quinn was the individual responsible for making decisions about the medical department. It is also a mystery as to what Defendant Quinn should have controlled and how his failure to do so caused injury to Plaintiff.

Plaintiff must therefore allege a causal connection between Defendant Quinn and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)

8

(requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and [s]he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not allege a history of widespread abuse or that Defendant Quinn had any custom or policy in place that resulted in deliberate indifference. Nor does Plaintiff allege any facts to support an inference that Defendant directed any subordinates to act unlawfully or knew that they would act unlawfully and failed to stop them from doing so. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendant Quinn.

### 7. The Court Declines to Exercise Jurisdiction Over Plaintiff's State Law Claim Against Defendant Armour.

Lastly, Plaintiff alleges that Defendant Armour is liable under Georgia tort law because he took Plaintiff's wallet when he arrived at WCF and has not yet returned it. (Doc. no. 13, p. 5.) The

Court may decline to exercise jurisdiction over a state law claim by dismissing it without prejudice if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367; see also Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000) ("We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court."); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary). Because the Court is dismissing all claims over which it has original jurisdiction, the Court declines to exercise jurisdiction over Plaintiff's state law claim.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of February, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA